IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| MICHAEL ANTHONY LEAL, | ) | CASE NO. 17-7564 |
| | ) | |
| DEBTOR. | ) | HON. JACQUELINE P. COX |

**UNITED STATES TRUSTEE'S LIMTED OBJECTION TO APPLICATION OF TRUSTEE'S COUNSEL FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

NOW COMES Patrick Layng, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by his attorney, Kimberly Bacher, and respectfully submits this Limited Objection to Application of Trustee's Counsel for Allowance of Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. § 330 (the "**Objection**"). In support of this Objection, the U.S. Trustee respectfully states the following:

### I. JURISDICTION

1. This is a core proceeding concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(A) and (B) which this Court may hear and determine pursuant to IOP15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

### II. OVERVIEW

2. The facts of this case are straightforward. The Chapter 7 trustee assigned to this case, Andrew J. Maxwell (the "**Trustee**"), employed an auctioneer to sell Michael Anthony Leal's (the "**Debtor's**") interest in a boat. While the sale of the boat yielded proceeds of $9,350, the Trustee proposes a total distribution of only $25.78 to creditors.

3. Instead of making a meaningful distribution to creditors, the Trustee proposes the following distribution:

1

| Trustee Fees: | $1,365.00 |
|---|---|
| Fees for Trustee's Counsel (Maxwell Law Group, LLC): | $3,650.00 |
| Expenses for Trustee's Counsel (Maxwell Law Group, LLC): | $92.08 |
| Auctioneer Fees: | $1,017.14 |

4. While the administration of this estate has provided almost zero benefit to creditors, the Trustee and his "alter ego," counsel for the Trustee, stand to receive over $5,000.

5. Under the circumstances of this case, the U.S. Trustee objects to certain of the compensation sought by Andrew J. Maxwell and the law offices of Maxwell Law Group (the "**Applicant**") pursuant to 11 U.S.C. § 330 as specifically set forth below.[1]

### III.    BACKGROUND

6. The Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on March 10, 2017.

7. On June 23, 2017, this Court granted the application of the Trustee to employ the Applicant.

8. On February 20, 2018, the U.S. Trustee caused to be filed the (i) Application for Compensation for Andrew J. Maxwell seeking $3,650.00 in fees and $92.08 in expenses [Dkt. No. 32] (the "**Applicant Application**"); (ii) Application for Compensation for Andrew J. Maxwell as Chapter 7 trustee seeking a fee of $1,365 [Dkt. No. 33] (the "**Trustee Application**"); and (iii)

---

[1] The U.S. Trustee has attempted to resolve this fee dispute with the Trustee without the need for filing this objection. Unfortunately, the Trustee has refused to respond to emails sent to the Trustee by counsel for the U.S. Trustee. Additionally, it is worth noting that the U.S. Trustee recently filed a similar objection against the Trustee in *In re Overlin*, Case No. 15-40966 (Hon. Janet S. Baer) in which the Trustee received all estate assets for his commission and fees.

Trustee's Final Report [Dkt. No. 31], which proposes to pay $25.78 to unsecured creditors [Dkt. No. 33] (the "**Final Report**").

9. As set forth in the Applicant's Application, Applicant seeks fees in the following amounts for the following time categories:

a. Employment of Professionals, Agents and Employees: $1,205.00

b. General: $325.00

c. Liquidate Personal Property: $2,120.00

## IV. ARGUMENT

10. Section 330 of the Bankruptcy Code, which is titled "Compensation of officers," governs compensation of trustee's professionals. Awards may be made to counsel to Chapter 7 trustees for "reasonable compensation for actual, necessary services rendered[,]" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Subsection (2) expressly authorizes the court to "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). Subsection (3) requires the court to consider "all relevant factors" in determining "the amount of reasonable compensation to be awarded." 11 U.S.C. § 330(a)(3). Pursuant to subsection (4), a court shall not allow compensation for "unnecessary duplication of services" or "services that were not ... reasonably likely to benefit the debtor's estate ... or ... necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A); *In re Luedtke*, No. BR 07-70924, 2011 WL 806003, at *3 (Bankr. C.D. Ill. Feb. 28, 2011) (citing 11 U.S.C. § 330(a)(4)(A) ("[C]ourts are specifically prohibited from allowing trustee compensation for services which were not "reasonably likely to benefit" the estate or which were not "necessary to the administration of the case.").

11. "The case law that has developed around this statute is relatively straight forward ... In addition to demonstrating that the fees sought are reasonable as required by the statute, a

growing number of courts have held that the applicant must also convince the bankruptcy court that the fees sought were incurred for the benefit of the estate." *In re Gorniak*, No. 13-15827, 2014 WL 6819718, at *2 (Bankr. W.D. Wis. Dec. 2, 2014) (multiple citations omitted).

12. "Generally, the burden is on the trustee to demonstrate that the services for which attorney's fees are sought were legal in nature and could not have been performed without the assistance of counsel or the section 327 professional." *In re Stevens*, 407 B.R. 303, 308 (Bankr. N.D. Ill. 2009). In this case, the burden falls upon Mr. Maxwell, as the Trustee and the Applicant.

13. "Once established that services for which compensation is to be awarded are properly compensable, the next step is to determine whether or not those services were 'actual and necessary.'" *In re Wildman*, 72 B.R. 700, 707 (Bankr. N.D. Ill. 1987). As set forth in *In re Wildman,* "[B]efore performing any service, the attorney should first scrupulously weigh and assess the necessity and propriety of each task for which he will be seeking compensation." *Id.* (citation omitted). The Honorable Jack B. Schmetterer suggests that counsel must consider the following questions before undertaking any legal tasks:

> (a) Is the burden of the probable cost of legal services disproportionately large in relation to the size of the estate and maximum probable recovery.
> (b) To what extent will the estate suffer if the services are not rendered?
> (c) To what extent may the estate benefit if the services are rendered and what is the likelihood of the disputed issues being resolved successfully?

*Id.*

14. Chapter 7 trustees have a duty to "collect and reduce to money the property of the estate" and they are "accountable for all property received[.]" 11 U.S.C. § 704(a)(1),(2). "A chapter 7 trustee is a fiduciary of the estate whose principal duty is to administer estate property so as to maximize distribution to unsecured creditors ..." *In re All Island Truck Leasing Corp.,* No. 8–09–77670–REG, 2016 WL 821174, at *7 (Bankr.E.D.N.Y. Mar. 2, 2016) (collecting cases). "Prior to administering an asset of the estate, a trustee must determine that doing so will fulfill the

aforementioned duty—a trustee must prospectively analyze whether an asset will provide a net benefit, after payment of necessary secured claims and costs of administration, that will be distributable to unsecured creditors." *In Re Nave*, No. 13-72140, 2016 WL 1254688, at *7 (Bankr. C.D. Ill. Mar. 30, 2016).

15. In this case, the U.S. Trustee believes that the amount of fees sought by Applicant should be reduced. The Trustee liquidated a boat, which is a routine trustee matter. Nevertheless, the Applicant incurred significant legal fees which have the effect of leaving unsecured creditors in this case with a recovery — to be distributed pro rata — of $25.78. The U.S. Trustee believes that Applicant's fees should be reduced as they are not reasonable in relation to the services provided. *See In re Charger,* 313 B.R. 444, 446 (Bankr. W.D. Ark. 2004) ("Trustees acting as attorneys are entitled to compensation, but the charges must be proper under the code and reasonable in relation to the services performed."). The U.S. Trustee will specifically address each category of fees sought by the Applicant below.

### A. Compensation Sought for Time Category: Employment & Payment of Professionals: $1,205.00

16. The Applicant seeks $1,250.00 for time spent relating to the Trustee's employment of attorneys and other professionals. *See* Applicant App., at p. 3.

17. Trustees contemplating hiring themselves must use a cost/benefit analysis and weigh the potential cost of legal services against the size of the estate, the potential recovery if successful, and the potential loss. *In re Minich,* 386 B.R. 723, 728 (Bankr. C.D. Ill. 2008). "Economic judgment should be exercised before professionals are retained and before assets are administered." *In re Dorn,* 167 B.R. 860, 865 (Bankr. S.D. Ohio 1994). "As the Trustee stands in the shoes of the 'client,' he is responsible for exercising judgment as to what action is taken, and his efforts must be judged in the context of the value to creditors." *Id.*

18. Courts generally permit 3% to 5% of the total fees sought to be dedicated to the preparation of a fee application. *See In re Mesa Air Grp., Inc.*, 449 B.R. 441 (Bankr. S.D.N.Y. 2011) (citing *In re New Boston Coke Corp.*, 299 B.R. 432, 446 (Bankr.E.D.Mich.2003) ("Time spent generating fee applications is generally limited to 5% of the total fees requested."); *In re Bass*, 227 B.R. 103, 109 (Bankr.E.D.Mich.1998) ("Absent exceptional circumstances, fees for the preparation of fee applications should be limited to 5% of the total fees requested."); *In re Heck's, Inc.*, 112 B.R. 775, 793 (Bankr.S.D.W.Va.1990), aff'd in part, rev'd in part on other grounds, 151 B.R. 739 (S.D.W.Va.1992) (imposing a 3% cap).

19. In this case, the Trustee seeks $1,205.00, or 33% of the entire amount of fees sought, relating to employing his law firm and seeking that it gets paid. Of that amount, $965.00, or 26% relates solely to time entries related to preparing the fee application. It is also worth noting that the Applicant seeks $410.00 for services rendered in connection with reviewing and revising attorney time detail. As the Applicant is required to keep contemporaneous time records, it is unclear what services required $410.00 of attorney time.

20. In this case, a 5% cap would total $182.50 (reduced from $965.00). Given the circumstances of this case, and the excessive amount of time spent by the Applicant in preparing his fee application, the U.S. Trustee requests that Applicant's fees for "Employment & Payment of Professionals" be reduced from $965.00 to $182.50.

    **B.**    **Compensation Sought for Time Category: General: $325.00**

21. The Applicant seeks $325.00 for time spent on "general matters." *See* Applicant App., at p. 3. Of that amount, $100.00 was spent by Applicant's paraprofessional for "preparing service list from list of creditors."

22. The Court generates a service list that is easily obtainable through CMECF. In this case, there are only 32 creditors listed, and the listing of the creditors is generated by the Court.

The estate should not have to bear the cost of the Applicant preparing a service list, and the amount of $100.00 should not be awarded to the Applicant.

### C. Compensation Sought for Time Category: Liquidate Personal Property: $2,120.00.

23. Applicant seeks $645.00 for preparing an application to employ an auctioneer, and an additional $170.00 for preparing a related service list. The U.S. Trustee asserts that the fees sought in connection with employing the auctioneer are excessive and should be reduced by $170.00.

24. Additionally, the Applicant seeks $150.00 for preparing a report of sale ($40 of paralegal time to prepare the report of sale, and $90.00 of attorney time to revise the report of sale). The report of sale is a short one-page document which included three sentences which did not need to be prepared by an attorney. Rather, the Trustee, in administering his duties under the Bankruptcy Code, could have prepared and filed the report of sale. Under the circumstances of this case, the U.S. Trustee asserts that this fee should be denied.

## V. CONCLUSION

25. The administration of this estate has provided virtually no benefit to creditors. The primary beneficiary, assuming that all requested fees are awarded, is Andrew J. Maxwell. As certain of the legal fees incurred in this case were not reasonably likely to benefit the debtor's estate and were excessive under the circumstances, they should be reduced pursuant to 11 U.S.C. § 330.

26. It is important to note that the U.S. Trustee does not object to the Trustee's commission in this case sought pursuant to 11 U.S.C. § 326. Under the circumstances, this amount would be approximately $1,365. Allowing the Trustee to receive the statutory maximum

amount still permits the Trustee to obtain approximately 26% of the funds to be distributed in this case, and substantially more than any unsecured creditor.

WHEREFORE, the U.S. Trustee respectfully asks this Court for an order reducing the compensation sought by the Applicant, and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: February 23, 2018

By: /s/ Kimberly Bacher
Kimberly Bacher, Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois   60604
(312) 353-5014

## CERTIFICATE OF SERVICE

I, Kimberly Bacher, an attorney, state that the above **UNITED STATES TRUSTEE'S LIMTED OBJECTION TO APPLICATION OF COUNSEL FOR ALLOWANCE OF COMPENSATION AND *R*EIMBURSEMENT OF EXPENSES,** was filed on February 23, 2018, and served on all persons identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent First Class Mail, as indicated, before 5:00 p.m. on February 23, 2018.

/s/ Kimberly Bacher

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice:**

- Andrew J Maxwell     maxwelllawchicago@yahoo.com, amaxwell@ecf.epiqsystems.com;trustee@maxwellandpotts.com;marchfirst_trustee@hotmail.com
- Andrew J Maxwell     maxwelllawchicago@yahoo.com, trustee@maxwellandpotts.com;naelipas@maxwellandpotts.com;cjcapo@maxwellandpotts.com;jhsmith@maxwellandpotts.com;vbarad@maxwellandpotts.com

**Parties Served via First Class Mail**:

Michael Anthony Leal
6600 W. 63rd Place
APT# Hse
Chicago, IL 60638

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541